IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DP, | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-03304 |
| OFFICER FERDINAND CINTRON, *et al.*, | * | |
|    Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff DP ("Plaintiff" or "DP"), a minor, initially brought this civil rights action against Defendants Officer Ferdinand Cintron ("Cintron"), Officer Sheena Newman ("Newman"), the City of Baltimore ("City") and the Baltimore City Police Department ("BCPD") (collectively "Defendants") in the Circuit Court of Maryland for Baltimore City. The initial Complaint alleged a claim of excessive force under 42 U.S.C. § 1983 in violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights (Count VII) as well as Maryland state law claims of assault (Count I), battery (Count II), intentional infliction of emotional distress (Count III), excessive force/police brutality (Count IV), negligence (Count V), negligent failure to instruct/supervise (Count VI) and violations of Article 24 and 26 of the Maryland Declaration of Rights (Count VIII).[1] Subsequently, the BCPD removed this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441.

---

[1] This claim is incorrectly labeled as Count VI in the Complaint.

1

Pending before this Court is Defendants Cintron and Newman's Motion to Dismiss Plaintiff's Complaint (ECF No. 12) for failure to state a claim upon which relief can be granted. Similarly, the BCPD has also filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 15) for failure to state a claim. Also pending before this Court are Plaintiff's Motions for Leave to Amend the Complaint (ECF No. 19) and to Remand (ECF No. 27). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 19) is GRANTED. As a result, no federal claims remain pending before this Court and Plaintiff's Motion to Remand (ECF No. 27) is also GRANTED. Accordingly, Plaintiff's remaining state law claims are REMANDED to the Circuit Court of Maryland for Baltimore City.

BACKGROUND

In the context of the pending motions, this Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff DP ("Plaintiff" or "DP"), a minor, alleges that on September 2, 2009,[2] while he was driving in the 1200 block of East 25th Street in Baltimore, Maryland, Defendant Officer Ferdinand Cintron ("Cintron") "activated his overhead lights, and called for DP to pullover." Pl.'s Compl. ¶¶ 5-6, ECF No. 2. Once DP pulled over, he allegedly exited the vehicle. *Id.* ¶ 6. Soon thereafter, Officer Cintron allegedly instructed DP to stop or he would shoot. *Id.* As DP turned around he claims having seen a gun pointed in his direction. *Id.* DP then

---

[2] While the Complaint (ECF No. 2) and Proposed Second Amended Complaint (ECF No. 19-1) both allege that the incident occurred on September 2, 2009, documents submitted as exhibits to the Complaint and the Motion for Leave to Amend the complaint indicate that the incident occurred on September 25, 2009. *See* Police Report, ECF No. 2-2; Letters concerning claim filed with Mayor and City Council of Baltimore, ECF No. 19-3.

2

allegedly laid flat on the ground and put his hands on his head. *Id.* ¶ 7. It was at that time, DP claims, that Officer Cintron "hit him with a metal object three times, one on each cheek/jaw, and one time behind his right ear." *Id.* DP then claims that he "blacked out, and [later awoke in the] North Eastern Police District [station] handcuffed to a table and dripping blood." *Id.* ¶ 8. Despite the blood dripping from his head and being handcuffed to a table, DP then claims that he was interrogated by Defendant Officer Sheena Newman ("Newman") for over an hour. *Id.* ¶ 9. Photographs of him were allegedly taken by other police officers. *Id.* ¶ 10. DP also claims that his shirt "was covered in blood" and that he was ordered to "throw [it] away . . . at [the] North Eastern Police District" station. *Id.* Following these events, DP claims that he was taken to the Johns Hopkins Hospital at 600 North Wolf Street in Baltimore where he was allegedly "treated for trauma to the head and face," administered a numbing shot to the back of his ear and stitched up. *Id.* ¶ 11. Additionally, DP claims that the probable cause statement does not contain a mention concerning this altercation. *Id.* ¶ 12.

On November 4, 2009, one of DP's former counsel contacted the Mayor and City Council of Baltimore Law Department to indicate that he would be representing DP with respect to his claim for personal injuries or property damage against Cintron and other defendants. *See* Letters concerning claim filed with Mayor and City Council of Baltimore, ECF No. 19-3. It was not until almost three years later, on August 31, 2012, that another attorney filed the initial Complaint in this case on behalf of DP against Defendants Officer Ferdinand Cintron ("Cintron"), Officer Sheena Newman ("Newman"), the City of Baltimore ("City") and the Baltimore City Police Department ("BCPD") (collectively "Defendants") in

3

the Circuit Court of Maryland for Baltimore City.[3] Pl.'s Compl., ECF No. 2. The Complaint alleged a claim of excessive force under 42 U.S.C. § 1983 in violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights (Count VII) as well as Maryland state law claims of assault (Count I), battery (Count II), intentional infliction of emotional distress (Count III), excessive force/police brutality (Count IV), negligence (Count V), negligent failure to instruct/supervise (Count VI) and violations of Article 24 and 26 of the Maryland Declaration of Rights (Count VIII).[4] *Id.* On November 9, 2012, Defendant the BCPD removed this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441. Notice of Removal, ECF No. 1. Plaintiff alleges that, on November 7, 2012, he filed a First Amended Complaint in the Circuit Court for Baltimore City which was not removed to this Court.[5] *See* Mot. to Remand at 2, ECF No. 27.

Presently pending before this Court is Defendants Cintron and Newman's Motion to Dismiss Plaintiff's Complaint (ECF No. 12) for failure to state a claim upon which relief can be granted. The BCPD has also filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 15) for failure to state a claim. Finally, Plaintiff has filed a Motion for Leave to Amend the Complaint (ECF No. 19) and a Motion to Remand (ECF No. 27).

STANDARDS OF REVIEW

I. **MOTION TO AMEND**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once, as a matter of course" within "21 days after serving it," or "if the pleading

---
[3] This Court notes that Plaintiff is represented by a third and different counsel in the case presently pending before it.
[4] *See supra* note 1.
[5] In Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 19), Plaintiff requests leave to file a Second Amended Complaint even though the First Amended Complaint was not removed to this Court.

4

is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Accordingly, the United States Court of Appeals for the Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *see also Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007).

## II. MOTION TO REMAND

It is well settled that the burden of establishing federal jurisdiction rests with the party seeking removal. *See, e.g.*, *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citations omitted). This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Additionally, even if the court has original jurisdiction over a civil action, the court nevertheless has discretion to remand a case to state court if,

among other things, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Remand is favored in cases turning primarily on questions of state law, because "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 729 (1966). Thus, in a case where federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

ANALYSIS

I. **MOTION TO AMEND PLAINTIFF'S COMPLAINT**

In light of the Defendants' motions to dismiss, Plaintiff DP ("Plaintiff" or "DP") has filed a motion to amend the Complaint in which he first seeks to substitute Shawnise Harding, as mother and next friend of DP, as Plaintiff, because DP as a minor lacks the capacity to bring this suit. Additionally, Plaintiff seeks to substitute the State of Maryland for the City of Baltimore as a Defendant. Plaintiff has also stipulated to the dismissal of his claims under the United States Constitution and 42 U.S.C. § 1983 and seeks to strike that claim from his amended complaint.

Rule 15(a) instructs that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Accordingly, the United States Court of Appeals for the Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d

6

404, 427 (4th Cir. 2006); *see also Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007). Defendant the Baltimore City Police Department ("BCPD") is the only defendant to have filed a response in opposition to this motion. While the BCPD contends that all of Plaintiff's state law claims against it should be dismissed with prejudice, in a footnote, it indicates that it "does not oppose Plaintiff's amendment to substitute Sawnise[sic] Harding, as mother and next friend of minor DP, for the minor, D.P." Def. BCPD's Resp. in Opp. to Pl.'s Mot for Leave to Am. Compl. at 2, n.1, ECF No. 24. Additionally, the BCPD does not oppose Plaintiff's decision to withdraw all claims brought pursuant to the United States Constitution and 42 U.S.C. § 1983.

Under Rule 17(c)(2) of the Federal Rules of Civil Procedure, "[a] minor . . . may sue by next friend or by a guardian ad litem. The court must . . . issue [an] order–to protect a minor . . . who is unrepresented in an action." FED. R. CIV. P. 17(c)(2). The substitution of Shawnise Harding, as mother and next friend of DP, is therefore permissible. Additionally, Plaintiff's amendment does not appear to prejudice the opposing parties or to be in bad faith. Finally, the amendment is not futile as it enables DP to pursue his claims against the Defendants through a next friend as permitted by Rule 17(c)(2) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint is GRANTED.

## II.   MOTION TO REMAND

As indicated above, in amending his Complaint, Plaintiff has stipulated to the dismissal of all of his claims arising under the United States Constitution and 42 U.S.C. § 1983. As a result, all of Plaintiff's federal claims have been withdrawn. Nevertheless,

Defendants Cintron and Newman contend that Count IV necessarily alleges a claim of excessive force under 42 U.S.C. § 1983. Specifically, Defendants contend that because excessive force "is a potential claim under Maryland Declaration of Rights Articles 24 and 26 . . . [and] also a necessary element for a claim of Battery when an officer is engaged in a lawful arrest," the separate excessive force claim alleged in Count IV necessarily arises under 42 U.S.C. § 1983. Defs.' Cintron & Newman's Opp. to Pl.'s Mot. to Remand at 2-3, ECF No. 25.

First it is important to note that Count VII of the original Complaint specifically alleged that "Defendant Police Officers' actions violated the rights of [DP], which are afforded under the Fourth, Fifth and Fourteenth Amendments, by using *unsubstantiated force, in excess*, in violation of their constitutional rights as guaranteed under 42 U.S.C. § 1983 and § 1988 and the United States Constitution." Pl.'s Compl. ¶ 47, ECF No. 2 (emphasis added). However, Plaintiff has withdrawn this claim from its amended complaint. Second, the Maryland Declaration of Rights claim in the original and amended Complaints alleges that "[b]y engaging in the acts, omissions, and misconduct described in this Complaint, the Defendants violated the constitutional rights of the Plaintiff secured by Articles 24 and 26 of the Maryland Declaration of rights." Pl.'s Compl. ¶ 49; Pl.'s Proposed Second Am. Compl. ¶ 44. This claim, therefore, necessarily refers to the other claims contained in the complaint including the excessive force claim in Count IV.

Maryland law recognizes that the standard for analyzing excessive force claims under Articles 24 and 26 of the Maryland Declaration of Rights is "the same as for analyzing Fourth Amendment claims." *Henry v. Purnell,* 652 F.3d 524, 536 (4th Cir. 2011); *see also Smith*

8

*v. Bortner*, 998 A.2d 369, 375 (Md. 2010) (citing Maryland cases supporting the proposition that the Fourth Amendment's "objective reasonableness" test is also the "standard for analyzing claims . . . under Articles 24 and 26 of the Maryland Declaration of Rights"). The fact that Maryland's excessive force law is read *in pari materia* with the federal analogue does not imply that an excessive force claim must be pursued solely under the Fourth Amendment. *See Ross v. Cecil Cnty. Dep't of Soc. Servs.*, 878 F. Supp. 2d 606, 622 (D. Md. 2012). Individuals often bring claims under both federal and state law for alleged excessive force by a police officer. *See, e.g., Okwa v. Harper*, 757 A.2d 118, 125, 139-140 (Md. 2000) (crediting a plaintiff's claims against police officers and the State of Maryland under both Section 1983 and Article 24 of the Maryland Declaration of Rights).

In this case, Plaintiff has stipulated to the dismissal of all of his claims arising under 42 U.S.C. § 1983 and in connection therewith the Second Amended Complaint does not contain any federal law claims. Specifically, Plaintiff's excessive force claim under Section 1983 has been withdrawn. The remaining claims are Maryland state law claims. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Additionally, remand is favored in cases turning primarily on questions of state law, because "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 729 (1966). Thus, in a case where federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S.

9

343, 350 n. 7 (1988). As all federal claims have been eliminated, Plaintiff's Motion to Remand is GRANTED. Plaintiff's remaining state law claims are REMANDED to the Circuit Court of Maryland for Baltimore City.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 19) is GRANTED. Additionally, Plaintiff's Motion to Remand (ECF No. 27) is GRANTED. Plaintiff's remaining state law claims are REMANDED to the Circuit Court of Maryland for Baltimore City.

A separate Order follows.

Dated: July 26, 2013  /s/_____
  Richard D. Bennett
  United States District Judge